Lu, John T., J.
Introduction
This is a petition for judicial review of the Civil Service Commission’s (Commission) dismissal of Dwayne Goldman’s (Goldman) appeal from the Town of Randolph’s (Randolph) bypass of him for appointment as a police sergeant. Goldman, the Commission, the Human Resources Division of the Commonwealth (HR Division), and Randolph have moved for judgment on the pleadings, on which the Court heard oral argument on April 10, 2006. Declining to adopt Goldman’s arguments that Randolph’s statement of reasons to the Commission were, in a meaningful way, untimely, that the reasons were insufficient, and that the bypass should be invalidated because it was in retaliation for Goldman’s union activity, the Court *404 denies the petition and affirms the decision of the Commission dismissing the appeal.
Factual Background
The undisputed facts are that William Pace (Pace) and Goldman were employed as officers of the Randolph Police Department in December of 2002 and were placed on the certification list for promotion to the position of Sergeant. Goldman was one of the top two candidates with a civil service score of ninety (90), and Pace was tied with another candidate at eighty-nine' .(89). Goldman was president of the Police Officer’s union and had held that position since 1997, during which time he often found himself at odds with the Board of Selectmen (Board). The Board interviewed all the applicants for the position, and on February 24, 2003, the Board selected Pace for promotion to Sergeant. The Board submitted the following statement of reasons for its bypass of Goldman:
Mr. Pace (not to say that those persons above him on the list do not possess some, but not all of these qualities) is highly respected among his peers for his work ethic and discipline. He is also compassionate and level headed; true qualities for a leader.
This senior patrolman has 13 years on the department and has worked all facets of the job; Safety Officer, Administrative Aide, and Detective for six years. He is extremely knowledgeable. He gives freely[2] of his time as a member of the Randolph Police Department Honor Guard.
Mr. Pace has always conducted himself in an honest, courteous, and professional manner. As a Sergeant, he would offer wise guidance and outspoken courage, and devotion that would aid in safeguarding the patrolmen who would be under his command, as well as all police officers within the department.
On April 10, 2003, the HR Division responded to the Board that:
I regret to inform you that the reasons for the selection of William F. Pace do not meet the standards in accordance with PAR. 08(3) of the Personnel Administration Rules (See enclosure). Therefore, we cannot approve this appointment to fill the position title of Police Sergeant in your department.
In order to approve the above-mentioned appointment, sound and sufficient job related reasons must be submitted and approved by this office for the selection of Mr. Pace. Please submit these reasons on your letterhead and return them to the above address.
On April 14, 2003, the Board resubmitted the reasons for the bypass (resubmission) to the HR Division. The resubmission included verbatim the original reasons but added a description of Pace’s investigations that impressed the Board, 35 letters of praise for Pace from the community, apparently found in his personnel file, and Pace’s willingness to take over the Administrative Aide position.
In determining that the Board satisfied its burden of proving that there was good cause for the promotion of Pace instead of Goldman, the Commission considered the propriety of the resubmission in light of the bypass protocol in PAR.08(3)[3] pursuant to G.L.c. 31, §27, whether there were objectively legitimate reasons for the bypass, and the allegations of bias due to Goldman’s position as Union President.
The Commission considered the language of the bypass protocol set out at PAR.08(3) and concluded:
HRD has the power to review and pass judgment on the reasons submitted by the appointing authority. See McHenry. Added to this power of review is the power to grant a hearing to the appointing authority “as necessary ... to explain, clarify, or justify reasons for selection or bypass.” PAR.08(3). The rule thus grants the appointing authority the ability to further justify its decision; this indicates that such a hearing does not violate the basic merit principles the rule was enacted to uphold. If the appointing authority is allowed such a hearing, it is logical to allow it to perform such functions in written resubmission as it is allowed at that hearing. This means, however, that the appointing authority may only explain, clarify or justify their reasons for the bypass, they may not submit new reasons.
The Commission determined that some of the reasons contained in the resubmission merely clarified the reasons initially submitted. As to the new reasons, the Commission claimed to have disregarded those reasons.
At the hearing before the Commission, Goldman conceded that it was his assumption or “hunch” that his failure to be promoted was related to his position in the union.[4] The Commission found that, “[t]he Appellant [Goldman] has failed to prove any animosity between him and the selectmen.”
Discussion
Standard of Review
The court may modify or set aside an administrative agency’s decision where the decision exceeded the agency’s authority, was based upon an error of law, was unsupported by substantial evidence, or was arbitrary and capricious or otherwise not in accordance with law. Connolly v. Suffolk County Sheriffs Dept. 62 Mass.App.Ct. 187, 192 (2004), citing G.L.c. 30A, §14(7). Substantial evidence is evidence “that a reasonable mind might accept as adequate to support a conclusion.” Bournewood Hospital Inc. v. Massachusetts Comm'n Against Discrimination, 371 Mass. 303, 317 (1976), citing G.L.c. 30A, §1(6). “The reviewing court ‘shall [however] give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.’ ” Connolly, 62 *405 Mass.App.Ct. at 192. Pursuant to G.L.c. 30A, §14, it is the function of the agency rather than the Court to make findings of fact, and it is the duty of the agency rather than the Court to weigh the credibility of the witnesses. Catrone v. State Racing Comm’n, 17 Mass.App.Ct. 484, 486 (1984). The agency has the benefit of observing the witnesses, and thus is better able to make assessments as to the credibility of the testimony. Cherubino v. Bd. of Registration of Chiropractors, 403 Mass. 350, 356 (1988).
In reviewing an agency’s decision, the Court is not permitted to substitute its choice for the agency’s choice between two fairly conflicting views even if the Court would have decided an issue differently if the matter was before it de novo. Connolly, 62 Mass.App.Ct. at 192-93, citing Embers of Salisbury, Inc. v. Alcoholic Bevs. Control Comm’n, 401 Mass. 526, 529 (1988). “When determining whether an agency decision is supported by substantial evidence, the standard of review is ‘highly deferential’ to the agency.” Id. at 193, citing Hotchkiss v. State Racing Comm’n, 45 Mass.App.Ct. 684, 695 (1988). However, in evaluating the substantiality of the evidence, the court must consider the entire record and take into account anything in the record that fairly detracts from the weight of the evidence supporting the agency’s determination. City of Salem v. Massachusetts Comm’n Against Discrimination, 44 Mass.App.Ct. 627, 640-41 (1998); Cohen v. Bd. of Registration in Pharmacy, 350 Mass. 246, 253 (1966). The burden of proof is on the appealing party to show that the decision, order or ruling of the commission appealed from is invalid. G.L.c. 25, §5.
Analysis
A.Timeliness of the Submission and Resubmission
Goldman first contends that the submission was untimely and that the Commission should not have considered it. Pace was selected on February 24,2003. The record is unclear as to when the Board made the first submission. The HR Division requested clarification on April 10, 2003 and the Board made its resubmission on April 14, 2003. Goldman argues that in order for the HR Division to comply with PAR.08(3)’s requirement that they respond to the statement of reasons within 15 days, the earliest the undated first submission could have been made was March 27, 2003, more than a month after the selection of Pace.
Goldman argues that this delay violated the requirement that the Board submit its reasons “immediately upon making such [bypass] determination” contained in PAR. 08(3), and that this delay should have been fatal to the Board’s promotion of Pace. Goldman further contends that the failure of the HR Division to comply with PAR.08(3)’s timeliness requirements is evidence of the Board’s bias.
Goldman’s argument assumes that the Commission responded 15 days after receiving the first submission. Equally likely is the possibility that the initial submission was timely (or less untimely) and the HR Division’s response was untimely. In any event, the analysis is similar.
The Court is entitled to weigh the entire record and consider that which fairly detracts from the Commission’s decision. City of Salem, 44 Mass.App.Ct. at 640-41. Lack of statutoiy definition and absence of case law defining “immediately” requires the Court to rely on the plain meaning of the term. Goldman is correct that generally the plain meaning of “immediately” does not connote more than one month. That being said, Flynn v. Civil Service Comm’n, interpreting a prior version of the statute, has bearing on this issue. Flynn v. Civil Service Comm’n, 15 Mass.App.Ct. 206 (1983). In Flynn, the appointing authority deviated from the selection order required by Civil Service Rule. The appointing authority interviewed 39 candidates and selected 19. The first officer chosen was not among the first three on the certification list, a violation of the rule. Nevertheless, if the appointing authority had complied with the requirement the same nineteen candidates would have been chosen. The court held that where the same promotions would have been made had the appointing authority meticulously adhered to the requirement, such non-compliance could not be seen as material to the selection process. Flynn makes clear that procedural deficiencies that are not material to the evaluation of the qualifications of candidates will not invalidate the selection of otherwise meritorious candidates.
The possible untimeliness of the first submission is not material to the selection process and the untimeliness, by itself, does not show the Board’s improper bias. Finally, the amount of untimeliness, perhaps two to three weeks, is not excessive.
B.Sufficiency of the Reasons
The Commission sought to meet Goldman’s argument that the resubmission was untimely and improper by considering only those reasons that amounted to a clarification of the original reasons, analogizing the resubmission to the hearing process, during which the appointing authority can explain its already submitted reasons. The Court has carefully examined the submission, resubmission, and the Commission’s decision and agrees with the Commission that the reasons on which it based its decision were clarifications of the original reasons, and the reasons justify the bypass. The record supports the conclusion that Pace was more qualified for promotion than Goldman.
C.Motivations of the Board in Selecting Pace
If proven, the allegation that Goldman was bypassed because of his union activity would be a matter of concern. Town of Dedham v. Labor Relations Commission, 365 Mass. 392, 389 (1974). However, there was little evidence presented to support Goldman’s allegations of politically motivated retribution. Gold *406 man conceded at the hearing before the Commission that he was merely assuming he was not promoted due to his union work. Given the burden of proof, this is insufficient to warrant reversal of the Commission’s dismissal of the appeal.
ORDER
Judgment shall enter AFFIRMING the Civil Service Commission’s dismissal of Goldman’s appeal.

The record is unclear whether the word “freely” is highlighted or crossed out.

PAR refers to Personnel Administration Rules that establish standards for the conduct of the civil service merit system of employment. PAR. 08(3) outlines the procedure to be followed by an appointing authority in the event of bypass of the top candidate on the certification list.

No transcript is available.